UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

IN RE:

Joseph Alan Manning,

DEBTOR.

_____/

CHAPTER 13

CASE NO. 21-47760-LSG

JUDGE LISA S. GRETCHKO

## STIPULATION FOR ENTRY OF ORDER APPROVING TOLLING AGREEMENT

WHEREAS, Joseph Manning has filed for protection under Chapter 13 of the United States Bankruptcy Code, Case Number 21-47760; and

WHEREAS, David Wm. Ruskin has been appointed as Standing Chapter 13 Trustee in this case; and

WHEREAS, David Wm. Ruskin, as Trustee, asserts that certain transfers of property from Debtor to Jeffrey and Mary Manning may be recoverable or avoidable as preferential transfers under 11 U.S.C. §547 or fraudulent transfers under 11 U.S.C. §548 or otherwise avoidable or recoverable under State Law as incorporated by 11 U.S.C. §544; and

WHEREAS, Debtor and Jeffrey and Mary Manning each deny any allegation that the transfers are avoidable under §§547 or 548, or State Law incorporated by §544; and

WHEREAS, the parties to this Agreement have agreed that David Wm. Ruskin, as Trustee, will defer any attempt to avoid and recover the potentially avoidable transfers as long as Debtor is in a proceeding under Chapter 13; and

WHEREAS, the parties to this Agreement agree that any applicable statute of limitations including but not limited to any statute of limitations under §§547, 548 and 550 and any statute of limitations under State Law is to be tolled while this case is pending under Chapter 13 of the United States Bankruptcy Code; and

WHEREAS, the purpose of this Agreement is solely to preserve any potential causes of action under §§547, 548 and 550 or State Law incorporated under §544 in

the event this case is converted at any point to a proceeding under another Chapter of the United States Bankruptcy Code. The tolling period will cease and any applicable statute of limitations shall commence upon entry of an Order Converting this case to another Chapter of the United States Bankruptcy Code; and

WHEREAS that the Tolling Agreement shall become null and void and cease to be of any effect if either this case is dismissed or the Debtor obtains a discharge in this Chapter 13 proceeding.

WHEREAS, by signing this Agreement, Debtor and Jeffrey and Mary Manning are not admitting any liability for any potentially recoverable or avoidable transfer and are not waiving or releasing any defenses to any action to recover or avoid any transfers other than any defense based on any applicable statute of limitations.

NOW, THEREFORE, the parties to this Tolling Agreement stipulate and agree to entry of an Order Tolling Statute of Limitations in the form attached as Exhibit "A".

| OFFICE OF DAVID WM. RUSKIN, STANDING CHAPTER 13 TRUSTEE | Freedom Law PC |
|---|---|
| By: _/s/ Lisa K. Mullen__ | By: __/s/ Heather McGivern__ |
| DAVID Wm. RUSKIN (P26803) | Heather McGivern |
| LISA K. MULLEN (P55478) | Attorney for Debtor |
| JOHN P. KAPITAN (P61901) | 18121 E. Eight Mile Rd. #301 |
| Attorneys for Chapter 13 Trustee, David Wm. Ruskin | Eastpointe, MI 48021 |
| 1100 Travelers Tower | |
| Southfield, MI 48076-4251 | |
| Telephone (248) 352-7755 | _/s/ Jeffrey Manning_ |
| | Jeffrey Manning |
| | _/s/ Mary Manning___ |
| | Mary Manning |
| | _15601 Crescent Ave___ |
| | Address |
| | __Allen Park, MI 48101__ |
| | |
| | __313-383-3379__ |
| | telephone number |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

IN RE:

Joseph Alan Manning,

DEBTOR.

_____/

CHAPTER 13

CASE NO. 21-47760-LSG

JUDGE LISA S. GRETCHKO

## ORDER APPROVING TOLLING AGREEMENT

This matter came before the Court on the Stipulation of Debtor, Joseph Manning; Jeffrey and Mary Manning; and David Wm. Ruskin, Standing Chapter 13 Trustee (ECF#____) for entry of an Order approving a Tolling Agreement between the parties. This Court has reviewed the proposed Tolling Agreement and the pertinent pleadings and is advised in the premises;

IT IS HEREBY ORDERED AND ADJUDGED that the Tolling Agreement is approved in all respects and is incorporated into this Order as if fully restated herein.

IT IS FURTHER ORDERED AND ADJUDGED that the Tolling Agreement shall become null and void and cease to be of any effect if either this case is dismissed or the Debtor obtains a discharge in this Chapter 13 proceeding.

IT IS FURTHER ORDERED AND ADJUDGED that if this case is converted to another Chapter of the United States Bankruptcy Code, the tolling period will cease and any applicable statute of limitations shall commence upon entry of an Order Converting this case.